**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BRENDA ADAMS**                                      **CIVIL ACTION**

**VERSUS**                                               **NUMBER 11-784-BAJ-DLD**

**DOLGENCORP, LLC**

**MAGISTRATE JUDGE'S REPORT**

This slip and fall action is before the court on plaintiff's motion to remand (rec. doc. 2), which is opposed and has been referred to the undersigned for a report and recommendation (rec. doc. 3). This matter was removed to this court based on diversity jurisdiction, 28 U.S.C. §1332, and the issue before the court is whether the amount in controversy is satisfied.

**Factual Background**

On May 29, 2011, plaintiff was shopping in the Dollar General[1] store located on Florida Boulevard in Baton Rouge, Louisiana, and slipped and fell on a substance on the floor (rec. doc. 1-1). Plaintiff sustained injuries as a result of her fall and filed suit against defendants Dollar General and "unknown sales associates" in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. Plaintiff alleges that she "injured her hand, wrist, and both knees" and "had surgery as a result of the injury and is still in treatment for other injuries sustained in the slip and fall." Id. Plaintiff seeks damages for bodily injuries, pain and suffering (past, present, and future); mental anguish and distress (past, present, and future); medical and pharmaceutical expenses (past, present, and

---

[1] The named defendant is Dolgencorp, LLC d/b/a Dollar General (rec. doc. 1-1).

future), lost wages and loss of earning capacity (past and future); apprehension of insufficient medical attention to her injury; inconvenience; fear and fright; embarrassment, humiliation, and aggravation; loss of enjoyment of life; loss of ability to participate in normal activities; and continual pain and suffering. Id.

In response to plaintiff's petition, defendant requested that plaintiff amend her petition to include a general statement pursuant to La. Code Civ. P. Art. 893 that her claim "exceeds or is less than the requisite amount" for "jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal court due to insufficiency of the damages ...". See La. Code Civ. P. Art. 893. Plaintiff did not amend her petition, so defendant filed an exception in state court under La. Code Civ. P. Art 893 to clarify plaintiff's damages. Additionally, defendant propounded discovery to plaintiff in the form of interrogatories. Defendant's interrogatory number 4 asks plaintiff to "[d]escribe in full all injuries allegedly suffered by you in the accident, including nature and extent of each such injury and the area of the body affected" (rec. doc. 1-2). On November 16, 2011, plaintiff responded by listing the categories of damages outlined in the petition and by stating as follows:

> As Ms. Adams appreciates her injuries, she has injured both knees and her wrists. She has two torn ligaments in her left knee and one torn ligament in the other knee. She had surgery on her left knee on or around July 8, 2011, to repair the left knee. She will have another surgery soon on the right knee to repair one torn ligament. She also has to have surgery on her wrist.
>
> Despite these general descriptions of Ms. Adams' appreciation of her injuries, however, any physical injuries sustained or procedures performed would be detailed completely and more fully in Ms. Adams' medical records.
>
> (rec. doc. 1-2).

In response to plaintiff's discovery responses regarding her injuries, defendant removed this matter based on diversity jurisdiction (rec. doc. 1). Defendant argues that

plaintiff's discovery responses make it clear that her injuries satisfy the $75,000 jurisdictional minimum. Plaintiff filed a motion to remand and argues that it is not facially apparent from the vague allegations in her petition that her injuries exceed $75,000 and that defendant did not meet its burden of establishing that the amount in controversy is satisfied. Plaintiff's motion to remand is now before the court.

**Discussion**

The removing party has the burden of proving the existence of federal jurisdiction and, if challenged, that the removal was procedurally proper. *See e.g. Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This matter was removed based on diversity jurisdiction, so the removing party must establish both that the parties are diverse[2] and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998).

The Fifth Circuit has "... established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000), citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory $75,000 jurisdictional amount at the time of removal. *Gebbia v. Wal-*

---

[2] Diversity of citizenship is not challenged in the motion to remand. Plaintiff is a citizen of Louisiana and defendant Dolgencorp, LLC, is a "single member limited liability company whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee" (rec. docs. 1-1 and 8). Plaintiff also named "unknown sales associates" as defendants to this matter, whose citizenship is disregarded for purposes of establishing diversity of citizenship. 28 U.S.C. §1441(a). Thus, diversity of citizenship is satisfied.

*Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages. See La. C.C.P. 893. Thus, the defendant may meet its burden by either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that a requisite amount was in controversy. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 850; see also *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003)(citations omitted).

Defendant does not argue that it is facially apparent from plaintiff's petition that the amount in controversy is met. Rather, defendant meets its burden of establishing that plaintiff's claims meet the amount in controversy by setting forth facts in controversy through summary judgment-like evidence. Specifically, defendant offers plaintiff's interrogatory responses where plaintiff elaborates on the allegations in her petition that she "had surgery as a result of the injury and is still in treatment for other injuries sustained in the slip and fall," by explaining that she has had surgery to repair the two torn ligaments in her left knee and plans to have surgery in the near future to repair the torn ligament in her right knee and the injury to her wrist. The information regarding plaintiff's injuries provided by plaintiff in response to discovery, in addition to the other items of damages requested in her petition, including damages for mental anguish; lost wages and loss of earning capacity; medical and pharmaceutical expenses; apprehension of insufficient medical attention to her injury; inconvenience; fear and fright; embarrassment, humiliation, and aggravation; loss of enjoyment of life; loss of ability to participate in normal activities; and

continual pain and suffering, establish by a preponderance of the evidence that plaintiff's claims satisfy the amount in controversy. Id. Defendant has met its burden of establishing diversity jurisdiction. Accordingly,

**IT IS RECOMMENDED** that the motion to remand (rec. doc. 2) should be **DENIED**, as subject matter jurisdiction based on diversity jurisdiction exists over this matter**.**

Signed in Baton Rouge, Louisiana, on January 23, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BRENDA ADAMS**  CIVIL ACTION

**VERSUS**  NUMBER 11-784-BAJ-DLD

**DOLGENCORP, LLC**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

**Signed in Baton Rouge, Louisiana, on January 23, 2012.**

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**