UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRENDA ADAMS**     **CIVIL ACTION**

**VERSUS**     **NUMBER 11-784-FJP-DLD**

**DOLGENCORP, LLC**

### ORDER

This matter is before the court on a referral from the district court of plaintiff's motion to quash subpoena to non-party Namal Maduchanka Thanippuli-Arachchige for a deposition scheduled for May 23, 2012. (rec.doc. 37) The motion is opposed.

*The Motion to Quash*

Defendant issued a Rule 45 deposition subpoena to this non-party on May 16, 2012, but did not tender the witness and mileage fees simultaneously as required under Rule 45. Plaintiff filed the instant motion to quash, stating that a later tender of the fees does not cure the defective service of the Rule 45 subpoena, and the time of the deposition is inconvenient for the witness.

*Governing Law and Analysis*

The first issue for the court to address is whether plaintiff has standing to challenge a subpoena to a third party. Under Federal Rule of Civil Procedure 45(c)(3), the subpoenaed entity "is the only one entitled to challenge the subpoena" "unless a showing is made that [a party] has a personal right to be protected or that the documents are subject to a privilege." *Hertenstein v. Kimberly Home Health Care*, 189 F.R.D. 620, 635

(D.Kan.1999), *quoting Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D.Kan.1995); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979); and *Jez v. Dow Chemical Co.*, Inc., 402 F.Supp.2d 783 (S.D.Tex.2005). Plaintiff has made no such showing that she has a personal right to be protected, *i.e.*, a privacy interest. Here, plaintiff has argued that the subpoena is invalid due to the lack of the tender of the witness and mileage fees; however, she lacks standing to bring this challenge as only the third-party entity has standing to challenge a subpoena based on this ground. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Also, while a subpoena request without the witness fee is technically invalid, the defect can be cured. *Meyer v. Foti*, 720 F.Supp. 1234, 1244 (E.D.La. 1989). In this case, defendant sent payment of $44.61 to the non-party on May 21, 2012, thereby curing any alleged defect in advance of the scheduled deposition. Moreover, Rule 45(c)(3)(a) does not require the court to quash the subpoena under these circumstances, and the court finds that the non-party will be reasonably compensated by the receipt of the late tender of the witness and mileage fee, which is allowed under Rule 45(c)(3)(d), as the court may specify conditions concerning the appearance of the non-party instead of quashing the subpoena.

With regard to the inconvenience of the time of the deposition for the non-party, the court notes that plaintiff first noticed this deposition for the same date and time, and served the deposition subpoena on May 2, 2012. Further, plaintiff does not have standing to challenge the subpoena on this ground, and the court notes that the non-party did not challenge the subpoena, despite having knowledge of the date and time of the deposition since at least May 2, 2012.

Accordingly,

-2-

Case 3:11-cv-00784-FJP-DLD   Document 39   05/22/12   Page 2 of 3

**IT IS ORDERED** that the motion to quash subpoena to non-party (rec.doc. 37) is **DENIED**, and the non-party shall appear for deposition on May 23, 2012, at 9:00 a.m.

Signed in Baton Rouge, Louisiana, on May 22, 2012.

                                                        *[signature]*
                                          **MAGISTRATE JUDGE DOCIA L. DALBY**