UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDA ADAMS  CIVIL ACTION

VERSUS  NUMBER 11-784-FJP-DLD

DOLGENCORP, LLC

## ORDER

This matter is before the court on a referral from the district court of plaintiff's motion to compel. (rec.doc. 30) The matter is fully briefed.

### *Background*

On May 29, 2011, plaintiff was a patron in one of the Dollar General stores when she slipped and fell in a fluid substance on the floor, injuring her hand, wrist, and both knees. On August 30, 2011, plaintiff filed suit in state court, which subsequently was removed to this court based on diversity jurisdiction.

### *The Motion to Compel*

While in state court, plaintiff propounded trial interrogatories and request for production of documents on October 3, 2011, and defendant responded to the discovery on November 16, 2011. At issue now is one interrogatory:

> **INTERROGATORY NO. 4.** Has the plaintiff given written, recorded, oral, or any other type of statements at the scene of this incident? If so, please identify the date and time any such statement was taken, who took the statement, describe the method of recording, and attach a copy of any such statement to your answers to these interrogatories.

Plaintiff contends that this interrogatory clearly includes the production of plaintiff's deposition transcript under Rule 26 (a), and that such deposition transcript was not provided to her by defendant in their discovery responses. In its response, defendant

asserts that it provided plaintiff with a copy of her statement, and any request for a copy of the deposition transcript must be obtained through Rule 30(f)(3).[1] Plaintiff cites Fed. R. Civ. P. 37 as authority for court-ordered relief in this matter.

Rule 37 allows the compelling of disclosure or discovery, and not post-disclosure or discovery exchange of information. The post-deposition exchange of information is governed by Fed. R. Civ. P. 30(f), which reads in pertinent part as follows:

> (1) Certification and Delivery. The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition. Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked "Deposition of [witness's name]" and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration.
>
> . . .
>
> (3) Copies of the Transcript or Recording. Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. **When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.**

(Emphasis added).

Before the 1993 amendment to this rule, depositions were filed into the record, and the deponent or parties could request copies of the depositions from the clerk of court. After the 1993 amendment, the attorney requesting the deposition and the officer (court

---

[1] In her reply, plaintiff refers to Interrogatory No. 5, wherein she asked for production of all statements and transcripts as further proof that defendant should have provided her with a transcript of her own deposition, but the reply does not add anything of substance or value to the discourse as Interrogatory No. 5 was not a part of plaintiff's motion to compel, and the reply does not cite to any authority that Rule 26 should be interpreted apart from Rule 30.

reporter) are custodians of the deposition, not the clerk of court. The officer, or court reporter, is obligated to furnish a copy of the deposition upon the payment of a reasonable fee.

While there is no Fifth Circuit precedent governing this particular dispute, and the parties have not cited to any authorities for their respective arguments, the court agrees with the court's ruling in *Brant v. Principal Life and Disability Ins. Co.*, 195 F.Supp.2d 1100, 1108 (N.D.Iowa, 2002), wherein plaintiff requested a copy of his deposition transcript at defendant's expense. The *Brant* court determined that under Rule 30(f)(2)(now Rule 30(f)(3)), upon reasonable charges paid therein, the officer, *i.e.,* the court reporter, "shall furnish a copy of the transcript or other recording of the deposition to any party or to the deponent." Fed. R. Civ. P. 30(f)(2). The court thereafter determined that Brant was not entitled to a copy of his deposition unless he paid for it.

Here, plaintiff argues that by simply requesting a copy of the deposition transcript, defendants should have provided it to her at no cost. However, in light of the construction of Rule 30, it appears quite certain that the deposition transcript is the property of the court reporter,[2] and without payment to the court reporter, the deposition transcript may not be produced by defendant absent a court order. With regard to the court's ordering defendant to produce a copy of the deposition transcript, the court notes that while plaintiff argues that defendant is withholding the production of the transcript as a means to drive up the cost of litigation, she fails to produce any evidence of this statement. Further, plaintiff does not argue that the cost of obtaining the emailed, condensed, or complete transcript from the

---

[2]Once a party has paid the court reporter for the deposition transcript, the party then becomes the custodian of the transcript.

court reporter is cost prohibitive to her. Thus, while plaintiff was given the opportunity to fully brief her position, she has failed to convince this court that it should override the provisions of Rule 30(f) on any basis, or issue an order that defendant produce a free copy of the deposition transcript to plaintiff. The court therefore will deny the motion to compel.

Accordingly,

**IT IS ORDERED** that the motion to compel (rec.doc. 30) is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 25, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**