## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

BRENDA ADAMS                                        CIVIL ACTION

VERSUS                                              NUMBER 11-784-FJP-DLD

DOLGENCORP, LLC

### ORDER

This matter is before the court on a referral from the district court of plaintiff's motion to quash subpoena to Blue Cross Blue Shield. (rec.doc. 25) The matter is fully briefed.

*Background*

On May 29, 2011, plaintiff was a patron in one of the Dollar General stores when she slipped and fell in a fluid substance on the floor, injuring her hand, wrist, and both knees. On August 30, 2011, plaintiff filed suit in state court, which subsequently was removed to this court based on diversity jurisdiction. Plaintiff claims the following damages:

a.   Bodily injuries, pain and suffering - past, present and future;

b.   Mental anguish and distress - past, present and future;

c.   Medical and pharmaceutical expenses - past, present, and future;

d.   Past and future lost wages and loss of earning capacity;

e.   Apprehension of insufficient medical attention to her injury;

f.   Inconvenience;

g.   Fear and fright;

h.   Embarrassment, humiliation, and aggravation;

i.   Loss of enjoyment of life;

j.   Loss of ability to participate in normal activities; and

k.    Continual pain and suffering.

(rec.doc. 1-1)

**The Motion to Quash**

Defendant issued a subpoena to Blue Cross Blue Shield on April 17, 2012, requesting the following:

> Certified copies of any and all insurance records, including but not limited to applications for health insurance and renewals, all insurance policies, supplemental coverage records, certificates and benefit schedules, claim file records, a copy of insurance claims, personal injury claims, descriptions of loss, medical records, police reports, claim diary, statements, reports, photographs, correspondence and notes pertaining to any and all health insurance records of member Brenda Adams, . . . for any and all periods of time.   (rec.doc. 25)

Plaintiff filed the instant motion, stating that she provided a complete list of her medical providers, disclosed the minor pre-existing problems regarding her knees, and that this information falls under the collateral source rule, which renders the documents inadmissible and "outside the realm of relevance," and as such, is an undue burden and expense for Blue Cross and Blue Shield.  *Id.*  Plaintiff further contends that defendant subpoenaed the information under La. R.S. 13:3715.1(B), and this statute only applies to subpoenaing records from a healthcare provider, not an insurance company. *Id.*

Defendant contends that Blue Cross Blue Shield requested an extension on the return date of May 16, 2012, which was granted by defendant, and  "never indicated that the production of plaintiff's records will result in an undue burden or expense." (rec.doc. 26) Defendant argues that the records are relevant as plaintiff has claimed "bodily injuries, pain and suffering - past, present, and future" and "medical and pharmaceutical expenses - past, present, and future." Moreover, defendant contends that its subpoena is reasonably

-2-

calculated to lead to the discovery of the health care providers plaintiff has seen while insured by Blue Cross Blue Shield, and in particular, it is seeking these records to review any and all incident or accident reports, personal injury claims, and the healthcare treatment codes used while plaintiff has been insured with Blue Cross Blue Shield.

### Governing Law and Analysis

The first issue for the court to address is whether plaintiff has standing to challenge a subpoena to a third party. Under Federal Rule of Civil Procedure 45(c)(3), the subpoenaed entity "is the only one entitled to challenge the subpoena" "unless a showing is made that [a party] has a personal right to be protected or that the documents are subject to a privilege." *Hertenstein v. Kimberly Home Health Care*, 189 F.R.D. 620, 635 (D.Kan.1999), *quoting Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D.Kan.1995); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979); and *Jez v. Dow Chemical Co.*, Inc., 402 F.Supp.2d 783 (S.D.Tex.2005). Plaintiff has made no such showing that she has a personal right to be protected, *i.e.*, a privacy interest, or that the documents are subject to a privilege. Even assuming, *arguendo*, that she raised these grounds for challenging the subpoena, "courts have routinely held that, by putting one's medical condition at issue in a lawsuit, a plaintiff waives any privilege to which he may have otherwise been entitled as to his privacy interests in his medical records." *Stogner v. Sturdivant*, 2011 WL 4435254 (M.D. La. 2011)*, citing Midalgo v. McLaughlin*, 2009 WL 890544, *2, n. 5 (N.D.N.Y.2009); *Bayne v. Provost*, 359 F.Supp.2d 234, 238 (N.D.N.Y.2005). *See also, Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D.Cal.1999).

Here, plaintiff has argued relevance and undue burden to the third party as grounds for quashing the third-party subpoena; however, she lacks standing to bring this challenge

Case 3:11-cv-00784-FJP-DLD   Document 50    06/07/12   Page 3 of 5

as only the third-party entity has standing to raise these grounds. Plaintiff has failed to cite to any authority otherwise. *See, Public Service Co. Of Oklahoma v. A Plus, Inc.*, 2011 WL 691204, *5 (W.D. Ok. 2011); *Keybank National Ass'n v. Perkins Rowe Associates, L.L.C.*, 2011 WL 09108, at *2 (M.D. La. 2011); and *Streck, Inc. V. Research & Diagnostic Systems, Inc.*, 2009 WL 1562851, *3 (D. NE. 2009).

Finally, plaintiff asserts that the collateral source rule is applicable here and the documents from Blue Cross Blue Shield therefore would be inadmissible, but provides no argument in support of same. The collateral source rule simply holds that if an injured party receives compensation for injuries from a source independent of the tortfeasor, the payment should not be deducted from the damages that the tortfeasor must pay. Black's Law Dictionary (7th ed.1999); see also *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir.1994).[1] Here, the scope of discovery is broad, the information may be relevant to a claim or defense in this matter, or lead to relevant information, and the mere fact that Blue Cross Blue Shield may be a collateral source does not render all the information pertaining to plaintiff in its files inadmissible at trial.

However, the court notes that the subpoena is for "any and all periods of time," which simply is too broad. Thus, the court will exercise its discretion in discovery matters and limit the time period to three years preceding the incident through the present date.

---

[1]Plaintiff also states that defendant cited to La.R.S. 13:3715.1(B) "as authority for obtaining the insured's records, and this is the exclusive method for obtaining medical records from health care providers, which is inapplicable to Blue Cross Blue Shield. Plaintiff argues that citing to this authority does not provide defendant with a "legal basis to issue a subpoena" to Blue Cross Blue Shield. Assuming without deciding that this methodology technically may not apply to insurers, the court notes that plaintiff has failed to support her arguments in terms of Fed.R.Civ. P. 45, which is the rule at issue here. The court therefore declines to address this ground as plaintiff has no standing; Blue Cross Blue Shield is the only entity entitled to challenge the subpoena on this ground.

Also, there may be documents within the requested records which may be considered confidential information; thus, the court will order that the parties submit a joint motion with a proposed protective order in accordance with the court's Administrative Procedures with regard to confidential information.

Accordingly,

**IT IS ORDERED** that the motion to quash (rec.doc. 25) is **DENIED**, except that the time frame of the subpoena shall be limited to three years preceding the incident at issue in this lawsuit through the present date.

**IT IS FURTHER ORDERED** that the parties shall advise Blue Cross Blue Shield of this court's ruling in order that Blue Cross Blue Shield may comply with the subpoena within 21 days of this Order.

**IT IS FURTHER ORDERED** that within 14 days of this Order, the parties shall submit a joint motion with a proposed protective order regarding confidential information.

Signed in Baton Rouge, Louisiana, on June 7, 2012.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

Case 3:11-cv-00784-FJP-DLD   Document 50   06/07/12   Page 5 of 5