UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRENDA ADAMS

CIVIL ACTION

VERSUS

NO. 11-784-JJB

DOLGENCORP, LLC

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant Dolgencorp, LLC's Motion for Summary

Judgment. (Doc. 90). Plaintiff Brenda Adams has filed an opposition (Doc. 91), to which

Dolgencorp has filed a reply (Doc. 92) and a sur-reply (Doc. 97). Oral argument is not necessary.

For the reasons herein, the Court GRANTS Defendant's Motion for Summary Judgment.

I.

Brenda Adams ("Adams") filed this action against Dolgencorp, LLC (hereinafter "Dollar

General") for damages for personal injuries sustained when she slipped and fell at a Dollar

General store in Baton Rouge, Louisiana. Adams asserted that she slipped on a "fluid substance .

. . that had the consistency of lotion and/or soap." (Complaint, ¶ 5). Adams brought suit against

Dollar General, asserting that Dollar General "caused the liquid to be on the aisle, or, in the

alternative, had actual or constructive notice of the condition, prior to the incident." (Complaint,

¶ 17).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to

any material fact." Fed. R. Civ. P. 56(a). The movant, or party seeking summary judgment, bears

the burden of showing "that there is an absence of evidence to support the nonmoving party's

case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To prevail on her claims under

Louisiana law, Adams must prove all of the elements of Louisiana Revised Statute 9:2800.6. The

statute provides

> A. A merchant owes a duty to persons who use his premises to
> exercise reasonable care to keep his aisles, passageways, and floors
> in a reasonably safe condition. This duty includes a reasonable
> effort to keep the premises free of any hazardous conditions which
> reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person
> lawfully on the merchant's premises for damages as a result of an
> injury, death, or loss sustained because of a fall due to a condition
> existing in or on a merchant's premises, the claimant shall have the
> burden of proving, in addition to all other elements of his cause of
> action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the
> claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice
> of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care.

La. R.S. § 9:2800.6. Constructive notice means:

> the claimant has proven that the condition existed for such a period
> of time that it would have been discovered if the merchant had
> exercised reasonable care. The presence of an employee of the
> merchant in the vicinity in which the condition exists does not,
> alone, constitute constructive notice, unless it is shown that the
> employee knew, or in the exercise of reasonable care should have
> known, of the condition.

*Id.* Additionally, Louisiana law provides that it is incumbent upon the plaintiff to prove the

existence of a dangerous condition and the defendant merchant "does not have to make a positive

showing of the absence of the existence of the condition prior" to the injury. *White v. Wal-Mart

Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So.2d 1081, 1084. The Louisiana Supreme Court found

that the statute does not permit an inference of constructive notice. *Id.* The plaintiff must show

the mandatory temporal element "that the condition existed for such a period of time." La. R.S. § 9:2800.6 (C)(1). A claimant "who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice." *White*, 699 So.2d at 1084.

Dollar General argues that Adams is unable to prove that Dollar General employees had actual notice of the condition or that the condition existed for such a period of time that the employees would have discovered it in the exercise of reasonable care. Adams testified that she did not know how or why the substance was on the floor, how long it was on the floor prior to her fall, and she had no evidence to suggest that an employee placed it on the floor. (Doc. 90, Ex. B). Additionally, two Dollar General employees, Yolanda Hunter and Namal Arachchige, who were in the store at the time of the alleged incident, also testified that they had no knowledge that the substance was on the floor or how long it had been on the floor. (Doc. 90, Ex. C & D). Hunter speculated that the substance had not been on the floor for very long "because I was working in that area. That's the aisle I was working on all that day. So it was something that had just happened." (Doc. 90, Ex. C., at 15).

Adams argues that Hunter's testimony creates a genuine issue of material fact as to the issue of constructive knowledge. Adams contends that if Hunter were working in the area all morning, there is an issue as to whether she should have known that the spill occurred. However, as Dollar General points out, this does not create a genuine issue of material fact. The statute provides that the "presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." La. R.S. §

9:2800.6(C)(1). Thus, all Hunter's testimony shows is that she did not know there was any substance on the floor, which is not enough to help Adams carry her burden of proof.

Additionally, Adams argues that there is video footage showing the area of the spill from when she entered the store to when she fell. Although the footage does not show how or when the substance ended up on the floor, Adams asserts that because the video shows the existence of the substance on the floor by the time she entered into the store, this creates a genuine issue of material fact as to the temporal element, which requires that she show "that the condition existed for such a period of time." La. R.S. § 9:2800.6 (C)(1).

However, as Dollar General points out, the United States Court of Appeals for the Fifth Circuit rejected a similar argument in *Taylor v. Wal-Mart Stores, Inc.*, 464 F. App'x 337, 338-39 (5th Cir. 2012). In *Taylor*, the plaintiff produced a surveillance video that captured "roughly an hour of footage leading up to the incident" and approximately thirteen minutes before the plaintiff fell, "a customer shuffles her feet in the area where Taylor fell," but there were multiple carts and customers who passed through the area without an incident. *Taylor*, 464 F. App'x at 338. The Fifth Circuit, in affirming the district court's grant of summary judgment, concluded that the plaintiff failed to establish notice, explaining that

> The video merely shows the passage of time and lacks any visual evidence of a wet substance on the floor. The video does not show someone or something creating the wet substance; it does not show others slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area. To conclude what the plaintiff asks would require this court to draw a series of impermissible inferences unsupported by this summary judgment record.

*Id.* (citing the district court judgment).

The Court finds that the facts in *Taylor* are nearly identical to the facts here. The surveillance video, which includes shots from the parking lot and the front door, does not show

any visible substance on the floor, nor does it show how the alleged spill was created. To find that this video surveillance shows constructive notice amounts to speculation. "Mere speculation or suggestion is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario." Bagley v. Albertsons, Inc., 492 F.3d 328, 330 (5th Cir. 2007) (internal quotation marks and citation omitted). Thus, the Court finds that the video does not create a genuine issue of material fact.

Finally, the Court rejects Adams' argument that because this Court previously denied her motion for summary judgment (Doc. 68), finding that there were "numerous genuine issues of material fact," Dollar General's motion should be denied as well because Dollar General has not presented any new evidence.. However, as Dollar General points out, this is has no bearing on the present motion for summary judgment because the statute at issue places the burden of proof on the plaintiff, not the defendant, to prove the elements.

The Court finds that Adams has not met her burden of proof, and therefore, summary judgment is warranted in favor of Dollar General.

II.

Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment. (Doc. 90).

Signed in Baton Rouge, Louisiana on June 18th, 2013.

_____

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**